show C.A.S. should not have given a gun to Stewart, as an agent, or, should not have hired Stewart as an employee with access to a gun, or, should not have entrusted him as a lessee with a gun. This assumed relevance, however, does not make this evidence relevant to the issue of whether Stewart acted as a "reasonable person" in shooting Ransom. This self-defense issue is an objective not a subjective standard. Thus, Stewart's proclivities or propensities are irrelevant to this issue. The jury did, in fact, consider the self-defense issue without considering this irrelevant evidence and found Stewart was not liable for his conduct. Since C.A.S.'s liability is derivative of or dependent upon Stewart's liability, plaintiffs were not prejudiced by the trial court sustaining C.A.S.'s motion for a directed verdict.[7]

Judgment affirmed.

GAERTNER and STEWART, JJ., concur.

Richard Jacobs, Clayton, for appellants.

Earl R. Blackwell, Hillsboro, Francis Joseph Vatterott, St. Ann, Patrick J. Healey, Festus, for respondents.

## ORDER

PER CURIAM.

Plaintiffs appeal from the trial court's dismissal of six Counts of a petition that were directed to the responding defendants. These Counts are independent causes of action and the trial court designated its order as final for purposes of appeal. Plaintiffs' petition clearly failed to state a cause of action against the responding defendants. An extended opinion would have no precedential value. The judgment is affirmed pursuant to Rule 84.16(b).

Robert SUNNEN, et al., Appellants,

v.

Marilyn JOHNSON, Delbert Warren, Century 21–Campbell Realty, Inc., Respondents.

No. 47613.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 1985.

CUMMINS MISSOURI, INC., Appellant,

v.

Walter THIERATH, Respondent.

No. 48371.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1985.

ination of Stewart. Although plaintiffs called Stewart as a hostile witness, plaintiffs could not directly impeach him except by prior inconsistent statements. *See, e.g., Lamb v. Heiligers,* 532 S.W.2d 820, 825 (Mo.App.1975).

7. On appeal, plaintiffs also complain the trial court erred in excluding an insurance contract secured by C.A.S. and a letter apparently written by C.A.S. to Stewart. Plaintiffs argue that both documents are relevant to show the business relationship between C.A.S. and Stewart. The above discussion demonstrates this business relationship is irrelevant to a proper disposition of this case. Thus, we do not address this complaint of plaintiffs.